# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GEORGIA WILLIAMS, | : | |
| Plaintiff, | : | Case No. 3:06CV275 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | : | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

This Social Security case is before the Court upon Plaintiff's objections, in part, to the first Report and Recommendations (the "Report") docketed on January 31, 2008. (Doc. #12).

The Report found Plaintiff's Statement of Errors to be meritorious, mainly concluding that (1) Plaintiff's challenges to the Administrative Law Judge's evaluation of the medical source opinions of record were well taken; and (2) Plaintiff's contentions concerning the ALJ's decision at Step 5 of his sequential evaluation. *Id.* The Report further concluded, however, that a remand to the Social Security Administration for

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

further proceedings was warranted, rather than a remand for payment of benefits. *Id*. at 14-15.

Plaintiff objects to the Report by contending that a remand for payment of benefits is warranted, particularly due to the Report's conclusion that the vocational expert's testimony during the second administrative hearing did not constitute substantial evidence in support of the ALJ's finding at Step 5 of the sequential analysis. *Id*. at 14. Upon re-consideration of the Report and the record as a whole, including but not limited to Plaintiff's Objections and the Commissioner's original Memorandum in Opposition (Doc. #9), the Court finds Plaintiff's Objections well taken.

In light of the Report's conclusion that the record does not contain substantial evidence in support of the ALJ's decision at Step 5 of the sequential analysis, Plaintiff correctly argues that there is no evidence in the administrative record of other jobs existing in significant number in the national economy. This is so even though the ALJ has held two administrative hearings and has thus provided the Commissioner with two opportunities to present evidence at Step 5 of the sequential evaluation. Without such evidence, the Commissioner has not satisfied his burden at Step 5 "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Commissioner of Social Sec*. 336 F.3d 469, 474 (6th Cir. 2003).

Applying the legal standards concerning remand, set forth in the Report (Doc. #12 at 14-15), a reversal of the ALJ's decision is warranted. Because the Commissioner has

2

not shown the existence of other jobs, proof of Plaintiff's disability is overwhelming, or at least strong where contrary evidence is lacking.

Accordingly, the Court finds Plaintiff's Objections well taken. This Supplemental Report and Recommendations therefore incorporates and modifies the first Report (Doc. #12) to conclude that an Order reversing, rather than vacating, the ALJ's decision is warranted, and to conclude that Plaintiff is entitled to a judicial award of DIB. The first Report and Recommendation otherwise remains valid.

## IT IS THEREFORE RECOMMENDED THAT:

1. The first Report and Recommendations docketed in this case January 31, 2008 (Doc. #12) is supplemented and modified as stated herein;

2. The Commissioner's non-disability finding be reversed and the case be remanded to the Social Security Administration under sentence four of 42 U.S.C. §405(g) for payment of Disability Insurance Benefits to Plaintiff Georgia Williams in accordance with the requirements of the Social Security Act; and

3. The case be terminated on the docket of this Court.

February 15, 2008                                    s/Sharon L. Ovington
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Supplemental Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Supplemental Report is being served by mail.  Such objections shall specify the portions of the Supplemental Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Supplemental Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).