IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGIA WILLIAMS,                    :

       Plaintiff,              :     Case No. 3:06cv275

vs.                                  :     JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

       Defendant.              :

---

DECISION AND ENTRY ADOPTING INITIAL (DOC. #12) AND REJECTING SUPPLEMENTAL (DOC. #14) REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, EACH IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS IN PART TO MAGISTRATE JUDGE'S INITIAL REPORT AND RECOMMENDATIONS (DOC. #13) OVERRULED; DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS (DOC. #15) SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING AND REVERSING THE COMMISSIONER'S FINDING THAT DEFENDANT WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

---

     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.  On January 31, 2008, the United States Magistrate Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be vacated, and that the captioned cause be remanded to the Defendant Commissioner, under Sentence Four of 42 U.S.C. Section 405(g), for further proceedings consistent with her Report and Recommendations.  Pursuant to Objections in part, filed by Plaintiff (Doc. #13), the United States Magistrate Judge issued a Supplemental Report and Recommendations (Doc. #14), recommending that the Commissioner's finding that Plaintiff is not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned cause be remanded to the Defendant Commissioner for the payment of benefits, consistent with the Social Security Act.  The Defendant has filed Objections to both judicial filings (Doc. #15).

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Initial Report and Recommendations (Doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court adopts the Initial Report and Recommendations of the United States Magistrate Judge (Doc. #12), in their entirety and, in so doing, concludes that the Commissioner's decision of non-disability was not supported by substantial evidence.  The Plaintiff's Objections in part to said judicial filing, to the extent she seeks a remand for the payment of benefits (Doc. #13), are overruled.  Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating and reversing the Commissioner's decision that Plaintiff was

not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner to re-evaluate the medical source opinions of record under the legal criteria set forth in the Commissioner's Regulations and Rulings, and as required by case law; to, once again, convene a hearing to follow the procedures required in Step Five of the Sequential Evaluation procedure, by placing a proper hypothetical question to the Vocational Expert; and to determine anew whether Plaintiff was under a disability and thus eligible for Disability Insurance Benefits during the period in question.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made. This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established… [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745

F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the initial opinion of the Magistrate Judge, to wit: that evidence of disability is not overwhelming and/or evidence of disability is not strong, while contrary evidence is weak.  Further, given that factual issues remain to be decided, to wit: whether, considering Plaintiff's age, education, past work experience and residual functional capacity, the Plaintiff can perform other work available in the national economy, remand for further procedures, rather than for the payment of benefits is required.  Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994).

2. To the extent that the Plaintiff sought remand for the payment of benefits, her Objections to the Magistrate Judge's Initial Report and Recommendations (Doc. #13) are overruled. To the extent that the Defendant objected to both judicial filings, said Objections are sustained in part, to the extent that a remand for further proceedings, rather than for the payment of benefits, is proper; and overruled with regard to the remainder of the judicial filings.

WHEREFORE, based upon the aforesaid, this Court adopts the Initial Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections in part to said judicial filing (Doc. #13) are overruled. The Supplemental Report and Recommendations of the Magistrate Judge (Doc. #14) are rejected in their entirety. Defendant's Objections to both judicial filings (Doc. #15) are sustained in part and overruled in part. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating and reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause for further administrative proceedings consistent with the within filing.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 20, 2008                                    /s/ Walter Herbert Rice
                                                            WALTER HERBERT RICE, JUDGE
                                                            UNITED STATES DISTRICT COURT

Copies to:

Carla J. Lauer, Esq.
John J. Lee, Esq.
John J. Stark, Esq.
Kathryn A. Beverly, Esq.